IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL J. BROWN,                 :
AIS 186027,
                                  :

        Petitioner,
                                  :

vs.                                          CA 04-0818-BH-C
                                  :

JERRY FARRELL,
                                  :

        Respondent.

## REPORT AND RECOMMENDATION

Michael J. Brown, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). It is recommended that the instant petition be dismissed as time barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitation provision contained in 28 U.S.C. § 2244(d).

## FINDINGS OF FACT

1.      Brown was convicted in the Circuit Court of Monroe County, Alabama on November 6, 2000 of unlawfully distributing a controlled substance. (Doc. 8, Respondent's

Exhibit A) [1]  Petitioner entered a counseled guilty plea to the charge and  was sentenced, as a habitual felony offender, to fifteen years in a state penitentiary.   (*Id*.) Petitioner did not file a direct appeal of his conviction and sentence (*Id*.)

2.   Brown filed a Rule 32 petition in the Circuit Court of Monroe County, Alabama on February 18, 2004 (Doc. 8, Respondent's Exhibit B), more than one year after the time for filing an appeal had expired.   The Rule 32 petition was denied on April 12, 2004 (*Id., DENIAL OF RULE 32 PETITION*), and the Alabama Court of Criminal Appeals affirmed that denial on September 17, 2004 (Doc. 8, Respondent's Exhibit A).

3.   After a request for rehearing was denied by the Alabama Court of Criminal Appeals on October 8, 2004, petitioner sought certiorari review of the denial of his Rule 32 petition in the Alabama Supreme Court.   On December 10, 2004, the Alabama Supreme Court denied the petition for a writ of certiorari and a certificate of judgment was issued. (Doc. 8, Respondent's Exhibit D)

4.   On December 22, 2004, the day he signed his habeas petition, Brown is deemed to have filed his section 2254 petition. (Doc. 1, Complaint at 11).

## CONCLUSIONS OF LAW

1.   The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners must file their

---

[1]   All references to exhibits are to those attached to respondent's Answer and filed on February 25, 2005 (Doc. 8).

2

habeas corpus petitions pursuant to 28 U.S.C. § 2254.  *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998) *cert. denied sub nom. Wilcox v. Moore*, 531 U.S. 840, 121 S.Ct. 103, 148 L.Ed.2d 62 (2000).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

2.     Subsections (B), (C), and (D) of § 2244(d)(1) clearly do not apply to petitioner's case[2] and therefore, the timeliness of Brown's petition must be calculated under §

---

[2]     To the extent petitioner argues that this Court should calculate his one year limitations period under subsection (C) of 28 U.S.C. § 2244(d)(1) ("[T]he date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on

2244(d)(1)(A) based upon the date on which his conviction for unlawful distribution of a controlled substance became final. "For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996." *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (citations omitted), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). This rule from *Guenther* is obviously not applicable in this case since Brown's conviction became final forty-two days after he was sentenced, that is, December 18,

---

collateral review.") based upon the Supreme Court's holding in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), this argument is due to be **REJECTED**. In *Blakely*, the Supreme Court was faced with the task of applying the following rule which it first expressed in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000): "'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" 542 U.S. at __, 124 S.Ct. at 2536. The High Court applied *Apprendi* according to its tenor and reversed the guilty-plea sentence of a State of Washington defendant who was sentenced to prison for more than three years beyond what the law provided for the crime to which he confessed on the basis of a disputed finding that he had acted with "'deliberate cruelty.'" *Id*. at __, 124 S.Ct. at 2543.

> The Framers would not have thought it too much to demand that, before depriving a man of three more years of his liberty, the State should suffer the modest inconvenience of submitting its accusation to "the unanimous suffrage of twelve of his equals and neighbors," rather than a lone employee of the State.

*Id*. (internal citation omitted).

   In this case, Brown raises in his habeas corpus petition the issue that the State failed to properly certify his prior felony conviction during his guilty plea proceeding and, giving an expansive reading of his argument, he could be contending that whether he had a prior felony conviction was a jury issue. However, it is clear to the undersigned that *Blakely* and *Apprendi* are inapplicable in this case since those cases specifically exempt from jury consideration the "fact of a prior conviction[.]" *Blakely, supra,* 542 U.S. at __, 124 S.Ct. at 2536. In other words, the trial court in petitioner's case simply determined that he had a prior felony conviction, based upon his in-court admission of same (Doc. 8, Respondent's Exhibit B, JUDGMENT AND SENTENCING ("The defendant admitting in open court that he had been, previous to the commission of the instant offense, convicted of one (1) felony, said sentence being entered in accordance with the Habitual Offender Act.")), and, therefore, the holdings in *Blakely* and *Apprendi* cannot save petitioner's case from analysis under the provisions of 28 U.S.C. § 2244(d)(1)(A).

2000.

3.     Section 2244(d)(1)(A) specifically provides that the one-year limitation period will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review[.]"   Since he did not file a direct appeal, Brown's conviction became final on December 18, 2000 when the forty-two-day period in which to orally or in writing file notice of appeal expired.   Rule 4(a), Ala.R.App.P.; *Symanowski v. State*, 606 So.2d 171 (Ala. Crim. App. 1992).   Even though the Eleventh Circuit has decided that state convictions are not final on federal habeas review until the ninety-day period for seeking certiorari from the United States Supreme Court has expired, *Wade v. Battle*, 379 F.3d 1254, 1255 (11th Cir. 2004), since Brown did not file an appeal and could not seek review of his conviction in the Alabama Supreme Court, certiorari review by the United States Supreme Court was not an option.

4.     In this case,  Brown did not petition the Alabama Supreme Court for a writ of certiorari within fourteen days of a denial by the Alabama Court of Criminal Appeals of his application for rehearing, Ala.R.App.P. 40(c) ("An application for rehearing and the brief in support of the application must be filed with the clerk of the appropriate appellate court within 14 days (2 weeks) of the date the decision being questioned is issued[.]"), for a very simple reason, he did not file an appeal rendering an application for rehearing unavailable. Obviously, a full review by Alabama's intermediate appellate court is a prerequisite to certiorari review by the Alabama Supreme Court, Ala.R.App.P. 40(d)(1) ("In all criminal cases except pretrial appeals by the state, the filing of an application for rehearing in the Alabama Court of Criminal Appeals is a prerequisite to certiorari review by the Alabama Supreme Court."), and by not

filing a direct appeal, Brown had clearly waived his opportunities to have the Supreme Court of Alabama and the United States Supreme Court review any Constitutional violations that could have been raised on direct appeal.  Because petitioner did not follow state procedure and perfect an appeal to Alabama's court of last resort, it is clear under pertinent statutory law and Supreme Court rules that he would be unable to petition the United States Supreme Court for certiorari review.  *See* Sup. Ct. R. 13.1. ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.  A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."); 28 U.S.C. § 1257(a) ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where . . . any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.") Accordingly, under the facts of this case, this Court need not add the ninety days contemplated by Supreme Court Rule 13.1 since petitioner did not directly appeal his case to Alabama's court of last resort.  *See Tinker v. Moore*, 255 F.3d 1331, 1332 & 1333 (11th Cir. 2001) ("Tinker was convicted on the robbery charge, and on January 29, 1997, the Third District Court of Appeal affirmed his conviction. . . . The mandate issued on February 14, 1997. . . . Under Florida law, a judgment against a criminal defendant becomes final upon issuance of the mandate on his direct appeal. . . . Tinker's

mandate issued on February 14, 1997, and thus he had until February 13, 1998, to file his §
2254 petition, absent tolling of the limitations period."), *cert. denied*, 534 U.S. 1144, 122
S.Ct. 1101, 151 L.Ed.2d 997 (2002).

5.      Before Brown's conviction became final, AEDPA became effective, which
provided the one-year statute of limitations for filing an action under 28 U.S.C. § 2254.
Brown's conviction was final on December 18, 2000; therefore, he had one year from that
date, until December 17, 2001, to file a section 2254 petition challenging his Alabama
conviction. Because petitioner filed his federal habeas corpus petition on December 22, 2004,
approximately thirty-six months after the one-year limitations period expired, the petition is
untimely filed pursuant to 28 U.S.C. § 2244(d)(1).   Petitioner argues, however, that the
doctrine of equitable tolling applies in this action and therefore the merits of his petition
should be considered.

6.      Brown is unable to take advantage of the tolling provision built into § 2244(d),
*see Guenther, supra*, 173 F.3d at 1331 ("'The time during which a properly filed application
for State post-conviction or other collateral review with respect to the pertinent judgment or
claim is pending shall not be counted toward any period of limitation in [subsection (d)].'"),
because his pertinent collateral attack on his conviction and sentence was not filed until
February 18, 2004, that is, after the one-year statute of limitations had already run under
2244(d)(1). *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) ("A state-court petition . . .
that is filed following the expiration of the limitations period cannot toll that period because
there is no period remaining to be tolled."), *cert. denied,* 531 U.S. 991, 121 S.Ct. 481, 148
L.Ed.2d 454 (2000).

7.      In response to the Court's Order of April 29, 2005, which extended an opportunity for petitioner to show cause as to why his petition should not be barred, Brown filed a response (Doc. 11) asserting that the statute of limitations contained in 28 U.S.C. § 2244(d)(1) should not bar his petition since equitable tolling principles apply.   Specifically, his argument is that, through no fault of his own, he failed to meet the filing deadlines because he was incarcerated and was forced to rely on the assistance of inmate law clerks.   (*See* Doc. 11, pp. 3-4) ("In the present case at bar the petitioner contendds (sic) that he is an inmate of the Alabama Department of Corrections and that through no fault of his own has failed to present his claims as presented in his habeas petition in a timely manner as petition was filed while petitioner were (sic) depending on the assistance of inmate law clerks to assist him in his legal proceedings."))

8.      Recent decisions of the Eleventh Circuit have clearly embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue:   "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted). "Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir.2000) (citation omitted).   Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that "extraordinary

circumstances" beyond petitioner's control made it impossible for him to file his petition on time. *See Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."); *Calderon v. United States District Court for the Central District of California*, 128 F.3d 1283, 1288 (9th Cir. 1997) ("Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."), *cert. denied*, 522 U.S. 1099, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998) and *cert. denied sub nom. Beeler v. Calderon*, 523 U.S. 1061, 118 S.Ct. 1389, 140 L.Ed.2d 648 (1998).

9.     Petitioner has given one reason in support of his argument for the  application of the equitable tolling doctrine: that he was forced to use inmate law clerks to help with his filings.   The underlying facts in support of this general assertion have not been provided, however, causing one to only be able to guess as to the reasons for the alleged delay in filing his petition.   Contrary to petitioner's unsupported assertion, the record clearly reveals that he, while represented by counsel, chose not to take a direct appeal.   Once incarcerated, petitioner waited until February 18, 2004 to file anything with regard to his conviction and sentence.   He has not shed any light on when he consulted with prison law clerks and was mislead or given incorrect advice with regard to the limitations period for filing a federal habeas petition.   In

other words, he has not attempted to show that he diligently pursued his claims but was prevented from timely filing due to the inadequacy of help that he received from other unidentified inmates.

10.     If Brown is saying that he was prevented from the timely filing of his petition due to a lack of competent legal advice, this type of malfeasance does not constitute extraordinary circumstances.

> Equitable tolling is an extraordinary remedy which is typically applied sparingly. Mere attorney negligence does not justify equitable tolling.  An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling. Any miscalculation or misinterpretation by Steed's attorney in interpreting the plain language of the statute does not constitute an extraordinary circumstance sufficient to warrant equitable tolling.

*Steed*, 219 F.3d at 1300 (internal citations omitted).

11.     Brown has vaguely pled that he was incarcerated during the one year after his sentence became final and did not have access to adequate legal representation.   His response fails to present, however, sufficient facts to support the argument of inadequate representation. There is no information given as to the place or time of his incarceration.  He does not discuss or provide the specifics of how and when he discussed with inmate assistants the filing requirements under section 2244(d)(1) or how he was disadvantaged because he did not receive competent information. Accordingly, he has failed to prove any alleged connection between an inadequate access to trained legal assistance and his untimely filing of the habeas complaint. *See Helton v. Secretary for the Department of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001) ("Thus, the record evidence is insufficient to support a connection between Helton's untimely filing and any alleged inadequacies in the prison library.") *cert. denied sub nom. Helton v. Moore*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002) .

## <u>CONCLUSION</u>

The doctrine of equitable tolling does not excuse the untimely filing of petitioner's § 2254 petition.   Because Brown's petition is procedurally barred by the   AEDPA's one-year statue of limitations, it is recommended that the present habeas corpus petition be dismissed pursuant to 28 U.S.C. § 2244(d) as time-barred.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 23rd day of August, 2005.

s/WILLIAM E. CASSADY                
**UNITED STATES MAGISTRATE JUDGE**

11

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.      *Objection*.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.   *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.   Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE